**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-75-DLB**

**CUAHUTEMOC MENDOZA-ALCASAR** **PLAINTIFF**

**v.** **MEMORANDUM ORDER**

**UNITED STATES OF AMERICA** **DEFENDANT**

*** *** *** ***

Proceeding without counsel, federal inmate Cuahutemoc Mendoza-Alcasar filed a complaint under the Federal Tort Claims Act (FTCA) alleging that prison officials failed to provide him with necessary medical equipment. (Doc. # 1). The United States responded to Mendoza-Alcasar's complaint by filing a motion to dismiss, which is now fully briefed. (Doc. # 9, 11, 12).

The Court has reviewed the parties' submissions and will dismiss Mendoza-Alcasar's FTCA claim because he failed to satisfy the mandatory administrative claim requirement in 28 U.S.C. § 2675(a). Like the *pro se* prisoner in a similar case arising out of this district, Mendoza-Alcasar "failed to meet the administrative requirement because he did not wait for the claim[ ] to have been finally denied by the agency before filing suit in district court." *Brooks v. Silva*, No. 13-6539, 2015 WL 12762112, at *2 (6th Cir. Apr. 6, 2015). "Before a claimant may bring an action against the United States under the FTCA, 'the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been *finally denied* by the agency in writing and sent by certified or

registered mail.'" *Id*. (quoting 28 U.S.C. § 2675(a) (emphasis added)). Mendoza-Alcasar did not follow this rule.

To be sure, Mendoza-Alcasar did file an administrative tort claim with the appropriate agency on November 20, 2025, satisfying the presentment requirement. (*See* Doc. # 9-1 at 10); *see also* 28 C.F.R. § 14.2 (explaining that a claim is presented when the agency receives it). The agency then acknowledged receipt of Mendoza-Alcasar's administrative tort claim and informed him that it "ha[d] six months from the date of receipt to review, consider, and adjudicate your claim." (Doc. # 19-1 at 16). So, the agency had until May 20, 2026, to adjudicate Mendoza-Alcasar's claim. But Mendoza-Alcasar did not wait for the agency to resolve his claim; instead, he went ahead and filed his complaint in this Court on May 11, 2026—before the agency ultimately denied his claim on May 14, 2026. (*See* Doc. # 19-1 at 18).

In short, Mendoza-Alcasar plainly violated § 2675(a), and this warrants dismissal of his FTCA claim. *See Brooks*, 2015 WL 12762112, at *2 (holding that FTCA claims were properly dismissed because the *pro se* prisoner "filed both his original and amended complaints well in advance of his claims being finally denied—either through a formal written response or the running of the six-month response period afforded the agency"); *Watts v. United States*, No. 7:19-cv-113-REW, 2020 WL 3270382, at *2-3 (E.D. Ky. June 17, 2020) (dismissing the plaintiff's FTCA claims because she filed her civil action too early, in violation of § 2675(a)). And the fact that the agency eventually denied Mendoza-Alcasar's administrative tort claim during the pendency of this action does not justify a

different result.[1] *See Bray v. Bon Secours Mercy Health, Inc*., 97 F.4th 403, 417 (6th Cir. 2024) (refusing to carve out an exception to § 2675(a) where the FTCA claim is exhausted during litigation); *Watts*, 2020 WL 3270382, at *3 ("Nor can the fact that the United States has now finally denied the claim . . . retroactively cure the premature filing defect.").

Accordingly, it is **ORDERED** as follows:

1. The United States' motion (Doc. # 9) is **GRANTED** to the extent Mendoza-Alcasar's complaint is **DISMISSED** without prejudice. Although his initial filing was premature, Mendoza-Alcasar may refile his complaint, if timely, with this Court pursuant to § 2675(a), as the DOJ issued its final denial on May 14, 2026, exhausting his administrative remedies. Mendoza-Alcasar should be attentive to timing requirements under the FTCA.
2. The Court will enter a corresponding Judgment.

This 8th day of October, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Mendoza-Alcasar 0-26-75 Dismissal.docx

[1] Since the Court is dismissing Mendoza-Alcasar's FTCA claim due to his failure to comply with § 2675(a), it need not address the Government's arguments regarding the timeliness of his administrative tort claim.